UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Marcus Respress,
Joshua Harris,
Daveon Reed,
Tremonty Crawford,
Quazeak Robinson, and
Damone Bell

*Defendants.*

**Protective Order**

**26 Cr. 262 (KPF)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in a folder, folder tree, or other container, electronic or otherwise, that is marked with or contains in its title "Attorney's Possession Only" or "APO" or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## <u>Disclosure and Treatment</u>

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including any investigation conducted in connection with defending this action; and

c. Prospective witnesses for purposes of defending this action.

6. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

**Other Provisions**

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action or *in camera* to any judge or magistrate in any other matter related to the defense of this action or as otherwise required by any court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. Except for Disclosure Material that has been made part of the record of this case or that the parties agree in writing shall be treated differently, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 90 days of the conclusion of the criminal case, which includes (a) any civil or criminal forfeiture proceeding, (b) direct appeal, or (c) collateral challenge (such as a petition filed under Title 28, U.S.C., Section 2255) that is commenced within one year of the exhaustion of the defendant's direct appellate rights; the period of direct appeal from any order dismissing any of the charges in the above -captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from: MARUS RESPRESS, JOSHUA HARRIS, DAVEON REED, DAMONE BELL, TREMONTY CRAWFORD, and QUAZEAK ROBINSON. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

12. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: *Ariana L. Bloom* Date: July 14, 2026
Ariana L. Bloom
Assistant United States Attorney

Date: 7 · 13 · 26
Benjamin Zeman, Esq.
Counsel for Marcus Respress

*Jeff Chabrowe* Date: 7/14/26
Jeffrey Chabrowe, Esq.
Counsel for Joshua Harris

*Lorraine Gauli-Rufo* Date: 7/14/2026
Lorraine Gauli-Rufo, Esq.
Counsel for Daveon Reed

Date: 7/13/26
Susan J. Walsh, Esq.
Counsel for Tremonty Crawford

*s/Thomas Ambrosio* Date: July 14, 2026
Thomas Ambrosio, Esq.
Counsel for Quazeak Robinson



2023.11.26

Todd A. Spodek
ID 6N9fnpAQ1NKfDYDXpZpqS6kf

Date: 7/14/2026

Todd A. Spodek, Esq.
Counsel for Damone Bell

SO ORDERED:

Dated: New York, New York
July 15, 2026

Katherine Polk Failla

THE HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE